<table>
<tr><td colspan="3">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL III</td></tr>
<tr>
<td>UNIQUE SECURITY CORPORATION<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE AGUADILLA<br><br>Recurridos</td>
<td>TA2026RA00212</td>
<td>REVISIÓN JUDICIAL procedente de la Junta de Subastas, Secretaría Municipal de Aguadilla<br><br>Subasta General 2027-101 Servicios Profesionales de Seguridad<br><br>Sobre: Revisión Administrativa e Impugnación de Subasta</td>
</tr>
</table>

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2026.

Comparece ante este tribunal apelativo, Unique Security Corporation (Unique Security o parte recurrente) mediante el *Recurso de Revisión Judicial* de epígrafe solicitándonos que dejemos sin efecto la *Notificación de Adjudicación de Subasta* emitida y notificada por la Junta de Subastas del Municipio Autónomo de Aguadilla (Junta) el 16 de abril de 2026. Mediante este dictamen, la Junta le adjudicó la Subasta General 2027-101 sobre *Servicios Guardia de Seguridad* a West Security Services, Inc. (West Security). Unique Security incluyó con su recurso *Moción en Auxilio de Jurisdicción y en Solicitud de Paralización de Otorgamiento de Contrato.*

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe ante su presentación prematura. En consecuencia, declaramos *No Ha Lugar* a la moción en auxilio de jurisdicción.

# I.

El 10 de enero de 2026, el Municipio de Aguadilla publicó una notificación y aviso de *Subasta 2027-101 para Servicios Guardias de Seguridad.*[1] Luego de publicado dicho aviso participaron, como licitadores, las siguientes corporaciones con sus respectivas ofertas:

| Licitadores | Guardia armado | Guardia desarmado |
|---|---|---|
| Sheriff Security Service | $15.85 | $14.56 |
| West Security Services Inc. | $15.95 | $14.75 |
| Genesis Security Services | $16.50 | $15.21 |
| Jom Security Service Inc. | $15.23 | $14.23 |
| Unique Security Corp. | $14.75 | $14.50 |

Luego de evaluar las licitaciones recibidas para la Subasta 2027-101, el 16 de abril de 2026, la Junta determinó como cuestión de hechos que (1) todos los licitadores cumplieron con las especificaciones del aviso de subastas; (2) el Coordinador de Seguridad del Municipio, Sr. José R. González, recomendó mediante una carta a West Security, apuntalando que esta corporación tiene historial previo con el Municipio y; (3) que el Consultor Financiero, Sr. Reinaldo Meléndez Cordero, recomendó a West Security por entender que era la compañía con mejor desempeño operacional. Las mencionadas recomendaciones no fueron incluidas, ni los criterios utilizados para emitir las mismas.

Así, ese mismo día, 16 de abril, la Junta emitió la *Notificación de Adjudicación de Subasta* recurrida adjudicando la buena pro a West Security. Según adujo la Junta la oferta de West Security "se considera razonable, cumplió con todas las especificaciones, refleja

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1.

una posición económica adecuada, tiene experiencia previa satisfactoria y completó los documentos del Registro de Licitador".[2]

Inconforme con la adjudicación de la subasta, el 27 de abril de 2026, Unique Security presentó el recurso de revisión que nos ocupa señalando que la Junta incurrió en los siguientes errores:

> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE AGUADILLA AL NO ADJUDICAR LA SUBASTA A FAVOR DE UNIQUE, TODA VEZ QUE FUE EL POSTOR MÁS BAJO CUYA ELECCIÓN ES LA MEJOR ALTERNATIVA PARA BENEFICIO DEL ERARIO PÚBLICO.
>
> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO DE AGUADILLA TODA VEZ QUE NO EXPUSO RAZONES DE INTERÉS PÚBLICO QUE JUSTIFICARAN NO OTORGARLE LA SUBASTA A UNIQUE, SIENDO ESTE EL POSTOR MÁS BAJO.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

**La Jurisdicción**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no

---

[2] *Íd.,* a la pág. 3.

puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Púb.,* supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones en la Regla 83, *supra,* dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1)     que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un

auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**Procedimiento de Pública Subasta y Notificación de Adjudicación**

El procedimiento de pública subasta es uno de suma importancia y está revestido del más alto interés público en pos de promover la inversión adecuada, responsable y eficiente de los recursos del Estado. *Maranello, Inv. v. Oficina de Administración de los Tribunales*, 186 DPR 780, 793 (2012); *Autoridad de Carreteras y Transportación v. CD Builders, Inc.,* 177 DPR 398, 404 (2009); *Empresas Toledo v. Junta de Subastas*, 168 DPR 771, 778-779 (2006). Como la adjudicación de las subastas gubernamentales conlleva el desembolso de fondos del erario, "la consideración primordial al momento de determinar quién debe resultar favorecido en el proceso de adjudicación de subastas debe ser el interés público en proteger los fondos del pueblo de Puerto Rico." *Cordero Vélez v. Municipio de Guánica*, 170 DPR 237, 245 (2007). A su vez, las subastas gubernamentales tienen como objetivo el establecer un esquema que asegure la competencia equitativa entre los licitadores, evitar la corrupción y minimizar los riesgos de incumplimiento. *Aluma Constr. Corp. v. De Acueductos Alcantarillados*, 182 DPR 776, 783 (2011); *Autoridad de Carreteras y Transportación v. CD Builders, Inc.*, supra.

Así pues, el Tribunal Supremo ha reiterado que el propósito de regular la realización de obras y la contratación de servicios para el Gobierno, mediante los sistemas de subastas es proteger los intereses y dineros del pueblo al promover la competencia para lograr los precios más bajos posibles, evitar el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgar los contratos y minimizar los riesgos de incumplimiento. *Perfect Cleaning v. Cardiovascular*, 162 DPR 745 (2004); *RBR Const., S.E. v. A.C.*, 149 DPR 836, 849 (1999); *Mar-Mol,*

*Co. v. Adm. Servicios Gens.*, 126 DPR 864 (1990). Por lo tanto, los tribunales tienen el deber de asegurarse de que las instrumentalidades públicas cumplen con la ley, con sus propios procedimientos y que tratan de forma justa a los licitadores al momento de adjudicar una subasta. *RBR Const., S.E. v. A.C., supra,* a la pág. 856.

Particularmente, el requerimiento de propuestas que adjudique una junta de subastas municipal está preceptuada por la Ley núm. 107-2020, según enmendada, intitulada *Código Municipal de Puerto Rico,* 21 LPRA sec. 7001*, et seq.* (Ley núm. 107-2020). Específicamente, el Artículo 2.040 de la referida ley, 21 LPRA sec. 7216, establece que la Junta de Subastas adjudicará todas las subastas que se requieran por ley, ordenanza o reglamento. Asimismo, dicha disposición en su inciso (a) exige que se cumplan con ciertos criterios de adjudicación, entre estos, que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. *Íd.* **Además, puntualiza que la Junta de Subastas tiene el deber de notificarle a todos los licitadores no agraciados las razones por la cuales no se le adjudicó la subasta**. *Íd.*

Por otra parte, los tribunales reconocemos la discreción de las juntas de subastas, "al momento de considerar las licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general". *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 348-349. Esta discreción les permite a las agencias **adjudicar la subasta al postor que consideren más apropiado, aun cuando no sea el más bajo, si con ello se sirve al**

**interés público.** *Caribbean Communications v. Pol. de PR,* 176 DPR 978, 1007 (2009). No obstante, los procedimientos de subastas son procedimientos con ciertas características adjudicativas, por eso, una vez se ha tomado la decisión administrativa, la parte adversamente afectada tiene derecho a solicitar la revisión judicial. *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877 (1999).

En lo pertinente a la notificación de adjudicación de la subasta, la jurisprudencia dispone que se debe incluir lo siguiente: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; **(2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos;** y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 743-744 (2001). **Cuando se incumple con estos requisitos, la notificación no es válida**. *Íd.* El requerimiento de que se incluyan los fundamentos en la notificación asegura que los tribunales podamos revisar esos fundamentos para determinar si la decisión fue arbitraria, caprichosa o irrazonable. *Junta Dir. Portofino v. P.D.C.M.,* 173 DPR 455, 467 (2008).

A su vez, el Capítulo VIII Parte II sección 13 del Reglamento Núm. 8873, también conocido como *Reglamento Para la Administración Municipal de 2016* establece los requisitos de contenido de una notificación de adjudicación de subasta municipal. La referida sección establece lo siguiente:

(…)

(2) La decisión final de la Junta se notificará por escrito y por correo certificado con acuse de recibo, a todos los licitadores que participaron en la subasta y será firmada por el Presidente de la Junta. No se adelantará a licitador alguno, información oficial sobre los resultados de la adjudicación, hasta tanto la Junta le haya impartido su aprobación final.

(3) La notificación de adjudicación o la determinación final de la Junta, que se enviará a todos los licitadores que participaron en la subasta, debe contener la siguiente información:

a) nombre de los licitadores;

b) síntesis de las propuestas sometidas;

**c) factores o criterios que se tomaron en cuenta para adjudicar la subasta y razones para no adjudicar a los licitadores perdidosos;**

d) derecho a solicitar revisión judicial de la adjudicación o acuerdo final, ante el Tribunal de Apelaciones, dentro del término jurisdiccional de diez días (10) contados desde el depósito en el correo de la notificación de adjudicación.

e) fecha de archivo en auto de la copia de la notificación y la fecha a partir de la cual comenzará a trascurrir el término para impugnar la subasta ante el Tribunal de Apelaciones. (Énfasis suplido).

Finalmente, el defecto de alguno de los requisitos señalados anteriormente convierte la notificación en una inadecuada. Por ende, una notificación que no se ajuste a las garantías procesales mínimas, antes señaladas, convierte en ineficaz el derecho a la revisión judicial de la adjudicación. Este defecto produce que el término para acudir ante este tribunal, en solicitud de revisión judicial, no comience a decursar. *IM Winner, Inc. v. Mun. de Guayanilla*, supra, a la pág. 38 (2000).

**III.**

En síntesis, Unique Security señaló que la Junta de Subastas erró al adjudicar la buena pro de la Subasta General 2027-101, *Servicios Guardias Seguridad*, a West Security. Ello, al omitir exponer las razones por las que Unique Security no resultó agraciada, a pesar de ser el postor más bajo, ni mencionó las razones de interés público que justificaran otorgar la adjudicación. Esto, basándose en dos alegadas recomendaciones que no se encuentran accesibles para los licitadores y utilizando criterios que no son explicados.

De entrada, es meritorio señalar que las cuestiones relativas a la jurisdicción del tribunal deben ser resueltas con preferencia porque de carecer de jurisdicción para atender el caso, lo único que corresponde hacer es así manifestarlo y desestimar el recurso. Por consiguiente, resolvemos que no tenemos jurisdicción para atender la controversia ante nuestra consideración. Ello, puesto que la notificación de la adjudicación de la subasta fue defectuosa y, por ende, el término de diez (10) días que dispone la ley para recurrir ante este foro apelativo, no ha comenzado a transcurrir. Nos explicamos.

Surge del derecho previamente expuesto que para que una notificación de adjudicación de subastas sea válida y adecuada debe contener lo siguiente: (1) los nombres de los licitadores en la subasta y una síntesis de sus propuestas; **(2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos;** y (4) la disponibilidad y el plazo para solicitar la reconsideración y la revisión judicial. *Pta. Arenas Concrete, Inc. v. J. Subastas,* supra. No podemos olvidar que el derecho a cuestionar una resolución administrativa, mediante revisión judicial, proviene del derecho constitucional al debido proceso de ley; y por ello, es indispensable que las agencias cumplan cabalmente con el requisito de notificación adecuada. *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).

Adicional a ello, la Ley núm. 107-2020 en su Artículo 2.040 de en su inciso (a), supra, **puntualiza que la Junta de Subastas tiene el deber de notificarle a todos los licitadores no agraciados las razones por la cuales no se le adjudicó la subasta**. A su vez, nuestro ordenamiento jurídico exige que al adjudicar la subasta al postor que no sea el más bajo, la agencia debe demostrar que su

determinación es razonable por servir al mejor interés público. *Caribbean Communications v. Pol. de PR*, 176 DPR 978, 1007 (2009).

A base de la antedicha normativa jurisprudencial y analizado el expediente ante nuestra consideración surge que en la *Notificación de Adjudicación de Subasta 2027-101* impugnada, la Junta no detalló diáfanamente los factores o criterios que tomó en consideración para adjudicar la buena pro a West Security. Al respecto, apuntalamos que la Junta hizo referencia, de manera general, a recomendaciones del Coordinador de Seguridad y del Consultor Financiero, sobre la propuesta de West Security, sin especificar los criterios que estos evaluaron para llegar a sus sugerencias relativas a la experiencia satisfactoria con el Municipio y la situación económica del licitador agraciado, respectivamente. Más aún, desconocemos, toda vez que no surge de la comunicación, si dichos factores fueron considerados para todos los proponentes; lo que impide a los licitadores no beneficiados cuestionar la determinación. Además, evita que ejerzamos adecuadamente nuestra función revisora.

De otra parte, no podemos obviar que la Junta estableció que todos los licitadores cumplieron con las especificaciones del aviso de subasta. No obstante, y como mencionamos el ente municipal adjudicó la subasta a favor de West Security, expresando "su oferta se considera es razonable, cumplió con todas las especificaciones, refleja una posición económica adecuada, tiene experiencia previa satisfactoria y completó los documentos del Registro de Licitador". Lo que, reiteramos, no constituye una exposición clara ni suficiente de los criterios utilizados en la evaluación ni menos se explica cómo dichos criterios fueron aplicados de forma comparativa a los demás proponentes. Así pues, subrayamos que la Junta incumplió con varios requisitos esenciales que son indispensables para garantizar

un procedimiento justo y transparente en el proceso de adjudicación de la subasta en cuestión.

Por otra parte, la Junta falló en señalar claramente los defectos u omisiones en las propuestas de los demás licitadores por lo que estos estaban impedidos de conocer la razón por la cual no fueron seleccionados. Aunque reconocemos que la Junta tiene la facultad para escoger a un licitador que no sea el postor más bajo no puede emitir una notificación de adjudicación deficiente ya que se infringe el debido proceso de ley al limitar la capacidad de estos licitadores para ejercer su derecho de impugnación de forma informada.

Por todo lo anterior, resulta forzoso concluir que la notificación de adjudicación emitida por la Junta incumplió con varios elementos esenciales que la normativa vigente y la jurisprudencia exigen. Por tanto, recalcamos que se les obstaculizó a los licitadores no agraciados ejercer, de manera efectiva, su derecho a reconsiderar o impugnar la determinación de la Junta. Reiteramos que, el incurrir en el incumplimiento craso con los requisitos sustantivos antes discutidos, nos impide evaluar si, en efecto, la actuación de la Junta fue una arbitraria, irrazonable o caprichosa. Por tal razón, estamos obligados a desestimar el recurso ante nuestra consideración por falta de jurisdicción por prematuridad.

Finalmente, advertimos que, una vez la Junta enmiende y notifique la adjudicación de la subasta en cumplimiento con las exigencias previamente explicadas, es que comenzará a transcurrir el término que provee la Ley núm. 107-2020, *supra*, para Unique Security o cualquier otro licitador no agraciado, que así lo entienda, presente su recurso de revisión ante esta *Curia.*

## IV.

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción ante su presentación prematura. Además, declaramos *No Ha Lugar* a la moción en auxilio de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones